**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO CONSOLIDATE CASES, DESIGNATE LEAD CASE, AND PLACE REMAINING CASES IN ABEYANCE**

The United States respectfully moves the Court to consolidate *t.e.j.a.s. et al., v. Trump, et al.*, 1:25-cv-03745-CRC (D.D.C.), *Greater-Birmingham Alliance to Stop Pollution et al., v. Trump, et al.*, 1:25-cv-04469-CRC (D.D.C.), *Minnesota Center for Environmental Advocacy et al., v. Trump, et al.*, 1:26-cv-00287-CRC (D.D.C.), and *CleanAire NC, et al. v. Trump, et al.*, 1:26-cv-00233-CRC (D.D.C.). The United States further moves to designate *t.e.j.a.s.* as the lead case and place the remaining three cases in abeyance pending the Court's resolution of Defendants' motion to dismiss in *t.e.j.a.s*. As discussed below, all four cases are currently pending in this District before this Court and address identical threshold legal issues:

**Background**

1. In the first-filed case, *t.e.j.a.s v. Trump*, various environmental organizations sued President Donald Trump and the Environmental Protection Agency (EPA) for the President's July 17, 2025 proclamation exercising his Clean Air Act exemption authority for certain chemical manufacturing plants. 1:25-cv-04469-CRC, Dkt. No. 1 (Oct. 22, 2025).

2. The *t.e.j.a.s.* plaintiffs brought two claims against Defendants styled as nonstatutory review of "unlawful executive action in violation of the Clean Air Act" and "action in excess of statutory authority by federal officer." 1:25-cv-04469-CRC, Dkt. No. 1, at 37, 40. Those claims alleged that the President exceeded his Clean Air Act authority to issue an exemption under 42 U.S.C. § 7412(i)(4). *Id.*

3. The *t.e.j.a.s.* complaint was signed by counsel for the Natural Resources Defense Council, Inc., (NRDC) and listed NRDC and other entities as plaintiffs.

4. On January 29, 2026, the United States filed a timely motion to dismiss the *t.e.j.a.s.* complaint on threshold jurisdictional grounds. 1:25-cv-04469-CRC, Dkt. No. 34. If the

Court grants that motion, it will fully resolve the case. The *t.e.j.a.s.* plaintiffs responded by filing a request to set a briefing schedule for their anticipated motion for summary judgment. *Id.*, Dkt. No. 35.

5. In the other three cases, multiple environmental organizations sued President Trump and EPA for proclamations exercising the President's exemption authority under the Clean Air for the certain coke ovens, taconite iron ore processing facilities, and commercial sterilizers. *GBASP*, 1:25-cv-04469-CRC, Dkt. No. 1; *MCEA*, 1:26-cv-00287-CRC, Dkt. No. 1; *CleanAire*, 1:26-cv-00233-CRC, Dkt. No. 1. The plaintiffs in those cases identified them as related to *t.e.j.a.s.* and the cases were assigned to this Court.

6. The plaintiffs in the other three cases have brought identical claims to those of the *t.e.j.a.s.* plaintiffs, styled as nonstatutory review of "unlawful executive action in violation of the Clean Air Act" and "action in excess of statutory authority by federal officer." *GBASP*, 1:25-cv-04469-CRC, Dkt. No. 1, at 25, 29; *MCEA*, 1:26-cv-00287-CRC, Dkt. No. 1, at 30, 32; *Cleanaire*, 1:26-cv-00233-CRC, Dkt. No. 1, at 34, 36. And like the *t.e.j.a.s.* plaintiffs' claims, the plaintiffs in the other three cases also alleged that the President had exceeded his Clean Air Act authority to issue exemptions under 42 U.S.C. § 7412(i)(4). *GBASP*, 1:25-cv-04469-CRC, Dkt. No. 1, at 25, 29; *MCEA*, 1:26-cv-00287-CRC, Dkt. No. 1, at 30, 32; *CleanAire*, 1:26-cv-00233-CRC, Dkt. No. 1, at 34, 36.

7. Like the *t.e.j.a.s* complaint, the *GBASP*, *MCEA*, and *CleanAire* complaints were signed by NRDC counsel and listed NRDC as counsel for itself and other entities.

8. The relief requested in each of the four complaints is identical. 1:25-cv-04469-CRC, Dkt. No. 1, at 43; *GBASP*, 1:25-cv-04469-CRC, Dkt. No. 1, at 31–32; *MCEA*, 1:26-cv-00287-CRC, Dkt. No. 1, at 35; *CleanAire*, 1:26-cv-00233-CRC, Dkt. No. 1, at 39.

9.      Aside from the specific Presidential Proclamation at issue and the details of the industry for which the President issued an exemption, the text of the complaints is identical.

10.     If the three subsequently filed cases are not placed in an abeyance, the United States will file motions to dismiss on the same legal grounds it has asserted in t.e.j.a.s.

**Legal Standard**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F.Supp.2d 16, 20 (D.D.C. 2002). When determining whether to exercise such discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Whether to hold a case in abeyance is therefore a matter of discretion, and courts must balance the interest in judicial economy against any potential prejudice to the parties." *Nat'l Hydropower Ass'n v. USFWS*, No. CV 24-2285 (SLS), 2025 WL 1555156, at *2 (D.D.C. June 2, 2025). The Court has inherent power to "control the disposition of the cases on its docket with economy of time and effort" and "must weigh competing interests and maintain an even balance between them, taking into consideration the benefits of a stay, the hardship to the movant of denying a stay, and any injury to the nonmovant from issuing a stay." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (cleaned up)).

"In choosing how to manage their dockets the decision to grant a stay is generally left to the sound discretion of district courts." *Hydropower*, 2025 WL 1555156, at *2 (cleaned up).

**Argument**

There are currently four related cases before this Court with common plaintiffs' counsel, defense counsel, defendants, legal theories, causes of action, and requested relief. In the first-filed of those cases, the United States has already filed a motion to dismiss raising threshold jurisdictional issues that could fully resolve not only that case, but all four at issue here. Also in that first-filed case, plaintiffs have moved to establish a briefing schedule for their motion for summary judgment before any discovery has been taken.

Through their actions thus far, plaintiffs and defendants have demonstrated that these cases will turn solely on competing legal theories that will cut across all four cases. To avoid needless duplication, wasted effort, and expense for both the parties and the Court, the Court should consolidate these actions, designate *t.e.j.a.s.* as the lead case where briefing can continue, and place *GBASP*, *MCEA*, and *CleanAire* in an abeyance pending the outcome of that briefing.

The standard for consolidation is easily met here. As required by Rule 42(a), there is a "common question of law" between all four cases. Consolidation would promote convenience and economy with absolutely no confusion for the Court or prejudice to plaintiffs. *See Chang*, 217 F.R.D. at 265.

The standard for an abeyance in the non-lead cases is also easily met. The benefits of an abeyance are manifold for the parties and Court — a single docket, a single briefing schedule, and a single decision resolving every action at once. Likewise, there is significant hardship to the United States if the Court denies an abeyance — the United States will have to file additional motions to dismiss in the remaining three cases, negotiate individual briefing schedules in all three cases, and, if plaintiffs are successful, litigate four attorney's fees requests for the work of a single case. Conversely, there is no conceivable injury to the plaintiffs if the Court grants this

motion. Plaintiffs are represented by the same counsel in all four cases, and their motion for a summary judgment briefing schedule in *t.e.j.a.s.* without any discovery demonstrates that these cases will not depend on the individual factual circumstances of each case. Indeed, even if the Court declines to consolidate these matters, it should nonetheless place the non-*t.e.j.a.s.* cases in abeyance pending the Court's decision in *t.e.j.a.s.* for these efficiency and economy reasons.

Undersigned counsel contacted plaintiffs' counsel for all parties across the four cases proposed to be consolidated. All plaintiffs oppose the motion to consolidate. Plaintiffs in *GBASP*, *MCEA*, and *CleanAire* oppose those cases being put in abeyance and requested that this motion include the following statement: "Plaintiffs disagree that an abeyance is either necessary or appropriate in this matter and will file a timely opposition to the abeyance motion."

## Conclusion

For these reasons, the United States respectfully requests that the Court consolidate the four cases, designate *t.e.j.a.s.* as the lead case, and hold the three other cases in abeyance until the court rules on the government's motion to dismiss *t.e.j.a.s.*

//

- 9 -

Dated: February 26, 2026

                              Respectfully submitted,

                              ADAM R.F. GUSTAFSON
                              Principal Deputy Assistant Attorney General

                              ROBERT N. STANDER
                              Deputy Assistant Attorney General
                              Environment & Natural Resources Division

|   |   |
|---|---|
| HALI KERR | /s/ *DanielJMartin* |
| Attorney-Advisor | DANIEL J. MARTIN |
| EPA Office of General Counsel | LAURA J. BROWN |
| Washington, DC | U.S. Department of Justice |
|   | Environment & Natural Resources Division |
|   | Environmental Defense Section |
|   | P.O. Box 7611 |
|   | Washington, D.C. 20044 |
|   | (202) 598-1869 |
|   | Daniel.Martin3@usdoj.gov |