**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GREATER-BIRMINGHAM ALLIANCE
TO STOP POLLUTION, et al.

*Plaintiffs*,

v.

DONALD TRUMP, President of the
United States, in his official capacity, et al.

*Defendants*.

Case No.  **1:25-cv-04469-CRC**

**RESPONSE OF THE AMERICAN COKE AND COAL CHEMICALS INSTITUTE AND
THE COKE OVEN ENVIRONMENTAL TASK FORCE TO DEFENDANTS' MOTION
TO CONSOLIDATE CASES**

Movant-intervenors American Coke and Coal Chemicals Institute (ACCCI) and the Coke

Oven Environmental Task Force (COETF) (together "Intervenors") submit this response to the

federal defendants' motion to consolidate cases, designate lead case, and place remaining cases

in abeyance. Dkt. 43.

Movants do not oppose the motion to consolidate for purposes of addressing the

threshold jurisdictional issues raised in the motion to dismiss filed in *t.e.j.a.s. et al., v. Trump, et

al.*, 1:25-cv-03745-CRC (D.D.C.). However, in the event the Court does not grant the motion to

dismiss in *t.e.j.a.s.* in its entirety, Intervenors believe the issues raised in this case would require

separate briefing and argument from the other cases because of the different regulations at issue

and the different merits of the issues raised in the complaint.

**Background**

1.      On December 22, 2025, Greater-Birmingham Alliance to Stop Pollution, Clean Air

Council, Environmental Law & Policy Center, Citizens for Pennsylvania's Future, Sierra Club,

Just Transition Northwest Indiana, Hoosier Environmental Council, and Natural Resources Defense Council (collectively "Plaintiffs") filed this action against the President of the United States, the U.S. Environmental Protection Agency (EPA), and the Administrator of the EPA (collectively "Defendants"). Plaintiffs allege that Defendants exceeded authority granted in Section 112(i)(4) of the Clean Air Act, 42 U.S.C. § 7412(i)(4), when on November 26, 2024, the President of the United States issued a Presidential Proclamation (the "Coke Ovens Proclamation") providing a two-year exemption for Intervenors' members to comply with certain air pollution control standards promulgated by EPA in the 2024 Coke Rule. *See* Dkt. No. 1, ¶¶ 5-10.

2.      In the other three cases that Defendants seek to consolidate, environmental organizations sued the same Defendants, arguing that the President exceeded his authority under the Clean Air Act when granting Presidential exemptions for chemical manufacturing facilities, taconite ore processing facilities, and commercial sterilizers. *See t.e.j.a.s. et al., v. Trump, et al.*, 1:25-cv-03745-CRC (D.D.C.), Dkt. No. 1 (Oct. 22, 2025); *CleanAire NC, et al. v. Trump*, et al., 1:26-cv-00233-CRC (D.D.C.), Dkt. No. 1 (Jan. 28, 2026); and *Minnesota Center for Environmental Advocacy et al., v. Trump, et al.*, 1:26-cv-00287-CRC (D.D.C.), Dkt. No. 1 (Feb. 2, 2026).

3.      On January 29, 2026, Defendants filed a timely motion to dismiss the *t.e.j.a.s.* case on threshold jurisdictional grounds. *See t.e.j.a.s.*, Dkt. No. 34. Defendants argue in the motion to dismiss that the Clean Air Act forecloses review of Presidential Proclamations. *See id.*, Dkt. No. 34-1, at p. 7. If the Court grants the motion to dismiss in its entirety, the Court will fully resolve the matters raised in *t.e.j.a.s;* and that outcome will lead to dismissal of Plaintiffs' complaint in this case on the same jurisdictional grounds.

2

4.      On February 4, 2026, Plaintiffs filed a request to set a briefing schedule for their anticipated motion for summary judgment. *Id.*, Dkt. No. 35.

5.      On February 26, 2026, Defendants filed their motion to consolidate the above-mentioned cases. *GASP*, Dkt. No. 43.

6.      On February 27, 2026, Plaintiffs in *GASP* filed a motion for summary judgment, which was stricken by the Court. Dkt. No. 44. On March 2, 2026, Plaintiffs in *t.e.j.a.s.* filed a cross-motion for summary judgment. *See t.e.j.a.s.,* Dkt. No. 41.

### Discussion

Rule 42(a) permits this Court to "consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation." *Jud. Watch, Inc. v. U.S. DOE*, 207 F.R.D. 8, 8 (D.D.C. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (2d ed. 1995)). Where two cases involve "a common question of law or fact," district courts have "substantial discretion" to decide whether and when to consolidate those cases. *Hall v. Hall*, 138 S. Ct. 1118, 1124, 1131 (2018) (citation omitted). Consolidation may be inappropriate, however, where any "convenience" is outweighed by "considerations of confusion and prejudice." *Blasko v. WMATA*, 243 F.R.D. 13, 15 (D.D.C. 2007) (citation omitted).

Intervenors agree that consolidating the *GASP* and *t.e.j.a.s.* cases would promote efficiency and judicial economy for purposes of deciding the threshold jurisdictional issues raised in Defendants' motion to dismiss in *t.e.j.a.s.* of whether the Clean Air Act forecloses this Court from reviewing the Presidential Proclamations or granting the relief sought by the plaintiffs in *t.e.j.a.s.* Defendants are correct that if the Court grants the motion to dismiss in

*t.e.j.a.s.*, then the other three Presidential Proclamations cases can be dismissed on the same jurisdictional grounds.

However, if the Court does not grant the motion to dismiss in its entirety, then the Court will necessarily move on to address other unique fact-specific issues raised in *GASP* and the other cases – for example, issues regarding Plaintiffs' standing, potential for discovery, and (if the Court were to consider the merits of Plaintiffs' complaint) evidence that the technologies needed to implement the specific standards in the 2024 Coke Rule are unavailable. As Plaintiffs' complaint and motions evidence, these are each fact-specific inquiries regarding each set of standards and technologies; and any attempt at consolidated disposition would risk confusion of the factual issues presented in each case, which would outweigh any judicial economy that would be gained from consolidation. *See Blasko*, 243 F.R.D. at 15.

### Conclusion

For the reasons set forth herein, Intervenors respectfully request that the Court grant Defendants' motion to consolidate *GASP* with the other cases, designate *t.e.j.a.s.* as the lead case, and hold the *GASP* case in abeyance for purposes of ruling on the common jurisdictional issues raised by Defendants' motion to dismiss in *t.e.j.a.s.*

Dated:  March 6, 2026

Respectfully submitted,

 /s/  Jeffrey A. Knight
Jeffrey A. Knight
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
(202) 663-9152
jeffrey.knight@pillsburylaw.com

*Counsel for ACCCI and the COETF*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 6, 2026, I electronically filed the foregoing document

using the CM/ECF system. Service was accomplished by the CM/ECF system.

Dated:  March 6, 2026

Respectfully submitted,

 /s/  Jeffrey A. Knight
Jeffrey A. Knight
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
(202) 663-9152
jeffrey.knight@pillsburylaw.com

*Counsel for ACCCI and the COETF*

5