**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TEXAS ENVIRONMENTAL JUSTICE ADVOCACY SERVICES, et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **DONALD TRUMP, et al.** | Civil No. 1:25-cv-03745-CRC |
| **Defendants.** | |
| **GREATER-BIRMINGHAM ALLIANCE TO STOP POLLUTION, et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **DONALD TRUMP, et al.** | Civil No. 1:25-cv-04469-CRC |
| **Defendants.** | |
| **MINNESOTA CENTER FOR ENVIRONMENTAL ADVOCACY, et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **DONALD TRUMP, et al.** | Civil No. 1:26-cv-00287-CRC |
| **Defendants.** | |
| **CLEANAIRE NC, et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **DONALD TRUMP, et al.** | Civil No. 1:26-cv-00233-CRC |
| **Defendants.** | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES, DESIGNATE LEAD CASE, AND PLACE REMAINING CASES IN ABEYANCE**

Plaintiffs' opposition to Defendants' motion to consolidate, designate *t.e.j.a.s. et al., v. Trump, et al.*, 25-cv-03745 as the lead case, and place the remaining related cases in abeyance is unreasonable. Contrary to the Plaintiffs' assertions, Defendants are not trying to delay relief, nor would the requested limited abeyance deny the *Greater Birmingham Alliance to Stop Pollution (GBASP) et al.* plaintiffs, the *Minnesota Center for Environmental Advocacy (MCEA) et al.* plaintiffs, or the *Cleanaire NC et al.* plaintiffs (collectively "the Related Case Plaintiffs") their day in court. Rather, Defendants have requested an orderly and efficient approach for the Court to address a threshold jurisdictional question common across all four related cases, which, if resolved in Defendants' favor, may avoid an onslaught of duplicative motions practice, including four identical motions to dismiss and four nearly identical motions for summary judgment. Additionally, consolidation of these cases—that Plaintiffs themselves identified as related—is appropriate and efficient.

I.    **ABESENT AN ABEYANCE THE PARTIES WILL FILE AND RESPOND TO DUPLICATIVE MOTIONS.**

On January 29, 2026, Defendants filed their motion to dismiss in the *t.e.j.a.s.* case primarily arguing that presidential exemptions issued pursuant to Clean Air Act section 112(i)(4), 42 U.S.C. § 7412(i)(4), are judicially unreviewable.[1] *t.e.j.a.s.*, Civ. No. 25-3745, Dkt. No. 34. Under the deadlines set forth in Local Civil Rule 7, Defendants' motion to dismiss would have been fully briefed and ripe for decision on February 19, 2026.[2] Notwithstanding that it would delay resolution of those threshold issues, the *t.e.j.a.s.* Plaintiffs sought an extension of

---

[1] Defendants also made an alternative standing argument that, if successful, could narrow relief.
[2] Local Civil Rule 7 allows 14 days for an opposition brief and seven days for a reply brief. Twenty-one days from January 29, 2026 was February 19, 2026.

time to respond to the motion to dismiss and to simultaneously file a cross-motion for summary judgment, which the Court granted. Civ. No. 25-3745, Dkt. No. 35. The *t.e.j.a.s.* Plaintiffs filed their consolidated opposition to the motion to dismiss and their cross-motion for summary judgment on March 2, 2026. Briefing on those motions will be completed by May 1, 2026. *See id.*

In the midst of this briefing, the three sets of Related Case Plaintiffs likewise filed nearly identical complaints asserting identical claims to those asserted by the *t.e.j.a.s.* Plaintiffs, challenging presidential exemptions issued for other source categories pursuant to Clean Air Act section 112(i)(4), 42 U.S.C. § 7412(i)(4). Absent the requested abeyance, Defendants intend to file near word-for-word identical motions to dismiss those three related complaints on the same un-reviewability grounds.

On February 27, 2026, the *GBASP* Plaintiffs moved for summary judgment *after* Defendants had filed their motion requesting consolidation and abeyance, but *before* Defendants' responsive pleading deadline. Civ. No. 25-04469, Dkt. No. 44. Though the Court later struck this motion, a review of the stricken motion shows that it is also virtually identical to the *t.e.j.a.s.* motion for summary judgment, except for the factual particulars of plaintiffs' standing and the technologies involved in regulation of the discrete industries and EPA's regulatory actions. If not placed in abeyance, the *GBASP* Plaintiffs have stated that they will renew their motion for summary judgment. *GBASP*, Civ. No. 25-04469, Dkt. No. 46 at 13. Defendants anticipate that the *Cleanaire* Plaintiffs and *MCEA* Plaintiffs will also move for summary judgment before the briefing schedule on the pending *t.e.j.a.s* motions is completed on May 1, 2026.

Thus, absent an abeyance in the three related cases, the parties will file duplicative motions and brief issues that are identical to those the Court will address in its decision on the

motions in *t.e.j.a.s.* case. And if such briefing occurs (and we think it should not), the Court's decision on *t.e.j.a.s.* motions may result in the need for supplemental briefing in the related cases to reflect the Court's decision, to the extent the decision does not result in voluntary dismissal of those cases. Thus, to avoid duplicative motions and "in the interest of judicial economy," the Court should stay the three related cases until after the Court issues a decision on the potentially dispositive issues raised in the pending *t.e.j.a.s.* motions. *Nat'l Hydropower Ass'n v. USFWS*, No. CV 24-2285 (SLS), 2025 WL 1555156, at *1 (D.D.C. June 2, 2025).

## II. THE REQUESTED ABEYANCE WILL NOT DENY PLAINTIFFS THEIR DAY IN COURT NOR FURTHER ANY CLAIMED PREJUDICE.

Defendants have sought a limited abeyance in the three related cases pending the Court's resolution of Defendants' motion to dismiss in the *t.e.j.a.s* action. As explained above, such an abeyance is appropriate because a decision on the threshold dispositive issue of reviewability is relevant to all four cases. In their oppositions, the Related Case Plaintiffs assert that the issues raised in the *t.e.j.a.s.* motion to dismiss are not dispositive of their cases because the question of judicial reviewability may turn on unique facts alleged in their respective complaints.[3] *See, e.g., MCEA* Opp. Br., Civ. No. 26-00287, Dkt. No. 12 at 8; *GBASP* Opp. Br., Civ. No. 25-04469, Dkt. No. 46 at 10; *Cleanaire*, Civ. No. 26-00233, Dkt. No. 20 at 7. While Defendants disagree, Defendants have not yet moved to dismiss those actions. The Related Case Plaintiffs will be able to make those fact specific arguments, as appropriate, after the *t.e.j.a.s.* motion to dismiss is decided and the abeyance is lifted. They will have their day in court.

---

[3] Notably, in opposing abeyance, the Related Case Plaintiffs do not argue that they would raise legal arguments different from those raised by the *t.e.j.a.s.* Plaintiffs in opposing dismissal. And that is because they would not: while the precise Plaintiffs may differ in each case, several overlap (including overlapping counsel) and it strains credulity that they would make different legal arguments on the same legal question regarding reviewability given that all four cases are governed by the same precedent.

Finally, allowing potentially unnecessary briefing to continue would not speed up results. It is unlikely that this Court would grant the relief requested in the later-filed cases any faster if the identical motions to dismiss and nearly identical cross-motions for summary judgment briefing was ongoing while the Court considers the motions in the *t.e.j.a.s.* case. Moreover, several of the compliance dates for exempted standards challenged by the MCEA and Cleanaire Plaintiffs have not yet passed. *See National Emission Standards for Hazardous Air Pollutants: Ethylene Oxide Emissions Standards for Sterilization Facilities Residual Risk and Technology Review,* 89 Fed. Reg. 24090, 24101-02 (April 5, 2024); *National Emission Standards for Hazardous Air Pollutants: Taconite Iron Ore Processing*, 89 Fed. Reg. 16408, 16420 (March 6, 2024).  Thus, Plaintiffs' claims of prejudice caused by a potential delay in adjudication fall short.

## III.    CONSOLIDATION IS APPROPRIATE.

Each of the Related Case Plaintiffs identified their complaints as "related" to another under Local Civil Rule 40.5(b)(2), stating that the cases "involve common issues of fact." *GBASP* Notice of Related Case, Civ No. 25-04469, Dkt. No. 7; *MCEA* Notice of Related Case, Civ. No. 26-00287, Dkt. No. 5; *Cleanaire* Notice of Related Case, Civ. No. 26-00233, Dkt. No. 2. However, now when faced with consolidation, the Related Case Plaintiffs disavow the factual similarities. *See, e.g. MCEA* Opp. Br., Civ. No. 26-00287, Dkt. No. 12 at 11. Plaintiffs should not be able to have their cake and eat it too. Rather than requiring the Defendants to file nearly identical documents across four dockets, the Court should consolidate them with *t.e.j.a.s* designated as lead.

Additionally, consolidation would not cause confusion as Plaintiffs claim. The issue of reviewability raised in Defendants' motion to dismiss is purely legal. Despite Plaintiffs' assertions, it is Defendants' position that the Court need not consider the facts specific to the

regulations underlying the presidential exemptions to decide the reviewability question.

Moreover, the Court can issue appropriate scheduling order for all four cases on the *t.e.j.a.s.*

docket following the outcome of the threshold briefing — this Court handles more complex

cases than these four every day. In fact, having separate dockets would likely increase confusion

and duplicate work for all parties.

### CONCLUSION

For these reasons, the United States respectfully requests that the Court consolidate the

four cases, designate *t.e.j.a.s.* as the lead case, and hold the three other cases in abeyance until

the court rules on the government's motion to dismiss *t.e.j.a.s.*


Dated: March 13, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

ROBERT N. STANDER
Deputy Assistant Attorney General
Environment & Natural Resources Division

/s/*Laura J. Brown*
DANIEL J. MARTIN
LAURA J. BROWN
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5314

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026 the foregoing was served upon all counsel of record via the Court's electronic case filing system.


/s/ Laura J. Brown